IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MARSHALL RICHMOND,

         Petitioner,

                           3:11-cv-01355-CL

     v.

                           REPORT
                           RECOMMENDATION

JEFFERY THOMAS,

         Respondent.

CLARKE, District Judge.

Petitioner's Amended Petition alleges that the Fair Sentencing Act of 2010 ("FSA") changing the statutory provisions of Title 21, United States Code, Section 841(b)(1)(B)(iii) should be applied retroactively to invalidate his 2003 indictment and his 2005 jury trial conviction.

Respondent now moves to dismiss petitioner's petition on the ground that petitioners/defendant has filed a notice of appeal of the district court's judgment, which divests this court of

jurisdiction over the subject matter.

The relevant procedural history of petitioner's conviction and appeals is set forth in respondent's Motion to Dismiss (#13) at pages 2-5, and need not be repeated here.  However, the procedural history established that petitioner raised the claim tht the statutory amendments to the mandatory minimum sentences are retroactive before the sentencing court in a number of different motions and that the motions have been denied.

Most recently, petitioner filed a motion with the sentencing court to void his judgment of conviction on the ground that FSA amendments changing the drug quantities relating to statutory minimum sentences in 21 U.S.C. §841(a)(1) should be applied retroactively. The sentencing court denied petitioner (defendant's) motion to void the judgment on December 12, 2011.  On January 11, 2012, petitioner filed a notice of appeal in the Ninth Circuit Court of Appeals seeking an appeal of the sentencing court's denial of his motion to void that judgment and petitioner is in the process of pursuing that appeal.   Accordingly, this court lacks jurisdiction to consider petitioner's claim.

A petitioner may not simultaneously pursue a direct appeal and a section 2241 petition on the same grounds. United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997); see also, Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (notice of appeal divests the district court of jurisdiction over matters raised in the appeal).

Moreover, petitioner's claim that the Fair Sentencing Act applies retroactively fails on the merits. *See*, United States v. Baptist, \_\_F.3d\_\_ 2011 WL 2150993 at *4 (9th Cir. 2010) (holding that the FSA did not apply retroactively to a defendant who was sentenced to statutorily mandated, five year minimum sentence prior to the enactment of the FSA).

Lastly, the court notes that petitioner has litigated his claim in this proceeding in at least one other case before the district court, 6:11-cv-00673-HO. In that proceeding, Judge Hogan advised petitioner that "[t]he appropriate vehicle for qualified defendants seeking the remedy after November 1, 2011, will be a motion filed pursuant to 18 U.S.C. § 3582(c)(2) with the sentencing court. U.S.S.G. § 1B1.10." Order (#30) p. 2.

Based on all of the foregoing, respondent's Motion to Dismiss (#13) should be allowed. Petitioner's Amended Petition (#8) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file

objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 24 day of April, 2011.

Mark D. Clarke
United States Magistrate Judge